UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSICA ANTONACCI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-01841 AGF |
| | ) |
| ALLERGAN USA, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a motion to dismiss filed by two of four Defendants in this case, AbbVie, Inc. ("AbbVie") and Allergan Limited.[1] (Doc. No. 20). The other Defendants are Allergan USA, Inc. and Allergan, Inc. Plaintiff originally filed this case in state court asserting claims arising from a ruptured breast implant. Defendants removed the case to this Court on December 21, 2020 on the basis of diversity jurisdiction. Defendants AbbVie and Allergan Limited appeared specially and now move to dismiss the claims against them for lack of personal jurisdiction. Allergan Limited further moves to dismiss for insufficient service of process.[2] For the reasons set

---

[1] Plaintiff identifies this Defendant as "Allergan PLC." Defendants advise the Court that Allergan plc changed its name to Allergan Limited in May of 2020. The Court will refer to this Defendant as Allergan Limited.

[2] Defendants Allergan USA, Inc. and Allergan, Inc. have filed a separate motion to dismiss the case for failure to state a claim pursuant to Fed R. Civ. P. 12(b)(6). The Court will consider their motion separately.

forth below, the Court will grant the motion.

## BACKGROUND

In her complaint, Plaintiff alleges that she underwent breast augmentation surgery on September 2, 2008 and received silicone breast implants designed by "Defendants." (Doc. No. 1-1 at ¶ 2). She does not specify which Defendants allegedly designed the implants. Approximately ten years later, she noticed a deformity in her left breast. On January 29, 2019, she underwent another surgery to replace her implants, and it was discovered that her left implant had ruptured and was leaking. *Id*. at ¶ 6. In July 2019, the implants in question were the subject of a recall by the FDA. In her complaint, filed in state court on November 17, 2020, Plaintiff asserts claims against all four Defendants of failure to warn (Count I), negligence (Count II), breach of the implied warranty of merchantability (Count III), and violation of the Missouri Merchandising Practices Act (Count IV).

In her complaint, Plaintiff acknowledges that Allergan USA, Inc. is a Delaware corporation with its principal place of business in New Jersey. *Id*. at ¶ 13. AbbVie is a Delaware company with its principal place of business in Illinois. *Id*. at ¶ 14. Allergan, Inc. is incorporated in Delaware with its principal place of business is in California. *Id*. at ¶ 15. Allergan Limited is an Irish corporation with its principal place of business in Ireland. *Id*. at ¶ 16. AbbVie acquired Allergan, Inc. and Allergan Limited on May 8, 2020. *Id*. at ¶ 7.[3]

---

[3] Allergan USA, Inc. was not acquired by AbbVie.

In support of their motion to dismiss, Allergan Limited and AbbVie submitted the Declaration of Emily Weith ("Weith Declaration").[4] (Doc. No. 21-1). Weith states that she is the Division Counsel, Governance for AbbVie and has personal knowledge of Allergan USA, Inc., Allergan Inc., Allergan Limited and AbbVie's business. *Id*. at ¶ 1. Weith explains in her declaration that Allergan Limited is a holding company and is not involved in the production or distribution of goods or services in the United States. *Id*. at ¶ 8. Weith further explains that AbbVie did not acquire Allergan Limited and Allergan, Inc. until May of 2020, years after Plaintiff received her implants. *Id*. at ¶ 12. Moreover, she states that "AbbVie Inc. had no involvement whatsoever in the production, manufacture, labeling or sale of breast implant devices on or before the date Plaintiff Jessica Antonacci alleges she received her implants," and both Allergan Limited and AbbVie "adhere[] to strict segregation of its corporate form as prescribed by law and operate[] with independence from the operations of its parent companies and affiliates." *Id*. at ¶¶ 10, 12-13. She further states, "Allergan Limited is not registered to do business anywhere in the United States. Allergan Limited does not conduct any business operations in the United States. Allergan Limited does not lease or own any offices or facilities in the United States and it has no employees in the United States." *Id*. at ¶ 9. Plaintiff does not dispute any of the statements made in the Weith Declaration.

---

[4] A motion to dismiss for lack of personal jurisdiction is tested "not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Dever v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1072 (8th Cir. 2004) (internal quotation omitted).

3

Plaintiff served AbbVie and Allergan Limited through AbbVie's registered agent for service of process, Corporate Creations Network, Inc. (Doc. No. 21 at 6). Corporate Creations Network, Inc. is AbbVie's registered agent, but it is not Allergan Limited's registered agent. *Id*. Allergan Limited does not have a registered agent in the state of Missouri because it is not registered to do business in the state. *Id*.

## DISCUSSION

"The federal court in a diversity case must determine whether [the] defendant is subject to the court's jurisdiction under the state long-arm statute, and if so, whether exercise of that jurisdiction comports with due process." *Moog World Trade Corp. v. Bancomer, S.A.,* 90 F.3d 1382, 1384 (8th Cir. 1996). The plaintiff bears the ultimate burden of proof on the issue of jurisdiction. *Epps v. Stewart Info. Servs. Corp.,* 327 F.3d 642, 647 (8th Cir. 2003). To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a *prima facie* showing of jurisdiction. *Watlow Elec. Mfg. Co. v. Patch Rubber Co.,* 838 F.2d 999, 1000 (8th Cir. 1988); *Falkirk Mining Co. v. Japan Steel Works, Ltd.,* 906 F.2d 369, 373 (8th Cir. 1990). The district court must consider the facts contained in the pleadings and affidavits in the light most favorable to the nonmoving party, *Watlow Elec. Mfg. Co.,* 838 F.2d at 1000, and resolve all factual conflicts in favor of that party. *Lakin v. Prudential Secs., Inc.,* 348 F.3d 704, 706 (8th Cir. 2003); *Romak USA, Inc. v. Rich,* 384 F.3d 979, 983 (8th Cir. 2004).

The Eighth Circuit has established a five-factor test to determine whether minimum contacts exist between the defendant and the forum state such that the exercise of personal jurisdiction comports with due process:

4

(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties.

*Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996).  The first three factors are of primary importance. *Id*.

I.  Personal Jurisdiction

AbbVie and Allergan Limited claim that jurisdiction is not proper in Missouri because neither Defendant has conducted any activities in Missouri and the activities of Allergan Inc. and Allergan USA, Inc. in Missouri do not support jurisdiction over AbbVie.

Plaintiff responds that this Court has personal jurisdiction over Allergan Limited and AbbVie pursuant to Missouri's long-arm statute.[5]  Plaintiff states that jurisdiction is proper pursuant to provisions of the long arm statute regarding business transactions and tortious acts.  She contends that the section on tortious acts:

> applies in this case as the Defendants transacted business in this State of Missouri in the selling of Defendants' breast augmentation as well as inserting Defendants' breast augmentation into the body of Plaintiff.  Based on the foregoing, Plaintiff has established this Court has personal jurisdiction and subject matter jurisdiction over these Defendants.  [The tortious act section] applies in this case as the tortious act of placing a defective product in Plaintiff's body [sic].

(Doc. No. 33 at 2).

---

[5] Plaintiff's memorandum in opposition, (Doc. No. 33), appears to respond to both this motion, (Doc. No. 20), as well as the separate motion to dismiss by Allergan USA, Inc. and Allergan, Inc. under Rule 12(b)(6).  (Doc. No. 22).  The Court will construe Plaintiff's arguments accordingly.

Plaintiff asserts that personal jurisdiction comports with due process because AbbVie and Allergan Limited committed acts that come within the transaction of business prong of the long-arm statute. This is not an accurate statement of the law. Jurisdiction may be proper pursuant to the long-arm statute but may still violate due process. *See Rafferty v. Rafferty*, No. 4:15-CV-1543 CAS, 2016 WL 319593, at *10 (E.D. Mo. Jan. 27, 2016) (finding jurisdiction pursuant to the tortious act prong of Missouri's long-arm statute but holding plaintiff "fails to meet her minimal burden of proof to show that the balance of the relevant factors weighs in favor of the exercise of personal jurisdiction."). Plaintiff has not shown that these two Defendants committed any acts in Missouri. But, even if Plaintiff has satisfied the long-arm statute, she still has not shown that personal jurisdiction comports with due process in this case.

Neither general nor specific personal jurisdiction over AbbVie and Allergan Limited is proper in Missouri. "The Due Process Clause permits the exercise of 'general jurisdiction' to hear 'any and all claims against' a defendant if its 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 754, (2014)). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler*, 134 S. Ct. at 760 (citation omitted). Only in an "exceptional case" will "a corporation's operations in a forum other than its formal place of incorporation or principal place of business ... be so substantial and of such a nature as to render the corporation at home in that State." *Id.* at 773 n.19 (citation omitted).

6

Plaintiff has not alleged that either Defendant engaged in any activity in Missouri, much less activity that is "so substantial" as to render the Defendants at home. As such, general jurisdiction is only proper in Missouri if the state is Defendants' place of incorporation or principal place of business. Allergan Limited is incorporated and has its principal place of business in Ireland and Abbvie is incorporated in Delaware with its principal place of business in Illinois. Accordingly, Missouri does not have general jurisdiction over Allergan Limited or Abbvie.

Specific jurisdiction also is not proper. To establish specific jurisdiction, the relationship between the defendant and the forum state "must arise out of contacts that the defendant *himself* creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Plaintiff has not shown that AbbVie or Allergan Limited had any contacts with Missouri at all, much less contacts related to this case. AbbVie and Allergan Limited have presented evidence that they had no involvement in the production, manufacture, labeling, or sale of any goods or services, including Plaintiff's breast implants. (Doc. No. 21-1 at ¶ 8, 13).

Plaintiff makes the conclusory allegation in her response that the Defendants— although she does not specify *which* Defendants—transacted business in Missouri by selling their implants in the state and inserting the implants into Plaintiff. (Doc. No. 33 at 2). Plaintiff has produced no evidence that AbbVie or Allergan Limited conducted any activities related to sale of the breast implants in Missouri, much less evidence that they were involved in the sale of Plaintiff's implants. Based on the uncontroverted affidavit of

Weith, the Court concludes that personal jurisdiction over AbbVie and Allergan Limited based on their conduct within the state does not comport with due process.

Furthermore, Allergan USA, Inc. and Allergan, Inc.'s contacts with Missouri do not establish personal jurisdiction over AbbVie. Plaintiff argues:

> Because of the stock acquisition of AbbVie and Allergan, Defendants argue that all defendants should be dismissed. Defendant's right [sic] in their memorandum, "AbbVie acquired the stock of Allergan Limited on May 8, 2020 but these two corporations remain separate entities." If this is true, then the proper defendant is Allergan.

(Doc. No. 33 at 2). AbbVie and Allergan Limited do not argue that all Defendants should be dismissed because AbbVie acquired Allergan Limited and Allergan, Inc. years after Plaintiff received her implants. AbbVie simply asserts that claims against Abbvie should be dismissed because the acquisition of Allergan, Inc. does not create personal jurisdiction.[6]

Insofar as Plaintiff claims that personal jurisdiction over AbbVie is appropriate because AbbVie has acquired Allergan Limited and Allergan, Inc., the Court notes that "[b]efore a party may obtain personal jurisdiction over a parent company, the plaintiff must show that the parent dominates and controls the subsidiary; mere ownership of subsidiary is insufficient to justify personal jurisdiction." *Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008). AbbVie and Allergan Limited have shown that both corporations "adhere[] to strict segregation of [their] corporate form[s] as prescribed by law and operate[] with independence from the operations of [their] affiliates." (Doc. No.

---

[6] Plaintiff claims that "the proper defendant is Allergan" without specifying which of the three other Defendants she is referencing.

21-1 at ¶¶ 10, 13). Plaintiff does not challenge the Weith Declaration, nor does she allege any facts showing AbbVie exercises any control whatsoever over Allergan Limited or Allergan, Inc. Accordingly, personal jurisdiction over AbbVie is not appropriate based on its ownership of Allergan, Inc. or Allergan Limited.

II.     Service of Process

Allergan Limited also argues that personal jurisdiction is improper because it was not properly served. "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). When service of process is challenged, "the plaintiff must make a *prima facie* showing the court's personal jurisdiction is properly exercised." *Adkins v. Option One Mortg. Corp.*, 2009 WL 35181, at *5 (W.D. Mo. Jan. 5, 2009) (citations omitted).

Plaintiff served Allergan Limited through Corporate Creations Network. (Doc. No. 21 at 6). This is not Allergan Limited's registered agent; Allergan Limited has no registered agent in Missouri because it is not registered to do business within the state. Plaintiff does not contend that Allergan Limited was properly served. However, improper service of process is not grounds to dismiss a case. Title 28 U.S.C. § 1448 provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

9

28 U.S.C. § 1448.  Accordingly, if inadequate service of process was the only defect in jurisdiction over Allergan Limited, Plaintiff would be allowed to remedy the defect.  *See Peabody Holding Co. v. Costain Grp. PLC*, 808 F. Supp. 1425, 1440–41 (E.D. Mo. 1992) (allowing plaintiff to issue new process in compliance with the Hague Convention on Service of Process rather than dismissing case).  However, because personal jurisdiction over Allergan Limited does not comport with due process, the claims against Allergan Limited will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants AbbVie and Allergan Limited's Motion to Dismiss is **GRANTED**.  (Doc. No. 20).

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2021